NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE OROZCO, | Hon. Dennis M. Cavanaugh |
| Petitioner, | **OPINION** |
| v. | Civ. Act. No. 2:12-CV-07405(DMC) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by Petitioner Jose Orozco ("Petitioner"). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that the Petitioner's motion is **denied**.

**I.    BACKGROUND**[1]

On August 24, 2007, Petitioner was charged with conspiring to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. Kathleen Theurer was appointed to represent Petitioner on the same day. On September 11, 2007, a plea agreement was sent to Ms. Theurer that provided the government would not pursue additional charges if Petitioner pled guilty to conspiring to distribute more than five kilograms of cocaine. Petitioner rejected the plea agreement on November 7, 2007. He was indicted by grand jury the same day.

A jury trial was commenced on March 3, 2008 and on March 6, 2008 the jury returned guilty verdicts against Petitioner. On November 10, 2008, this Court sentenced Petitioner to 121

---

[1] This section is taken from parties' pleadings.

months' imprisonment. Petitioner appealed his conviction and on January 4, 2012 the Third Circuit affirmed. On November 18, 2012 Petitioner filed this instant § 2255 petition.

## II. STANDARD OF REVIEW

This Court has jurisdiction pursuant to 18 U.S.C. § 3231, providing the district courts with original jurisdiction of all offenses of the laws of the United States. Jurisdiction is also secured pursuant to 28 U.S.C. § 2255 which allows this Court, having imposed a sentence upon Petitioner, to vacate, set aside or correct a sentence upon a showing that "the sentence imposed was in violation of the Constitution or laws of the United States, this Court lacked jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

## III. DISCUSSION

Petitioner alleges ineffective representation on two fronts. Petitioner first alleges that his attorney failed to inform him of the fact that he would likely be deported after a guilty verdict in a jury trial. Petitioner also alleges that his attorney strongly encouraged him to turn down the government's proposed plea deal and proceed to jury trial. Petitioner's attorney Kathleen M. Theurer, Esquire, represented in her affidavit that she advised Petitioner to accept the plea deal. Further, in her affidavit Ms. Theurer represents that she did inform Petitioner of the consequence of a guilty plea or a guilty verdict – that of likely deportation.

### A. Petitioner's Claim of Ineffective Representation with regard to his Attorney Failing to Inform Him of the Deportation Consequences Fails Because It Does Not Meet The Strickland Test

Petitioner claims that his attorney was ineffective for failing to inform Petitioner of the deportation consequences of his conviction. The second prong of the Strickland test requires that the defendant be prejudiced by the alleged deficiency. In this instance Petitioner does not meet

this burden. Strickland requires that the Petitioner first demonstrate deficient performance and second that the deficient performance prejudiced the Petitioner. Petitioner was not prejudiced by this alleged deficiency because even if Petitioner had entered agreed to the plea deal and plead guilty he would have faced the same deportation consequences. The outcome with regard to the deportation consequences of a guilty conviction through jury trial or a guilty plea is the same. Regardless of whether Petitioner's counsel was deficient or not, Petitioner suffered no prejudice as a result of the alleged deficiency.

As held in Strickland v. Washington, 466 U.S. 668, 687 (1984), in order for the Petitioner to prevail on a claim of ineffective counsel, Petitioner must show: (1) "that counsel's performance was deficient", which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) that the deficient performance prejudiced the defense, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Also, the Supreme Court has held that the Strickland analysis apples to the plea context. (see Hill v. Lockhart, 106 S. Ct. 366, (1985); Padilla v. Kentucky, 130 S. Ct. 1473, (2010); Lafler v. Cooper, 132 S. Ct. 1376, (2012).

Furthermore, "a convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland at 690. When rendering a judgment, "the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance", however, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. However, "an error by

counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 291. The Petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" Id. at 703.

### B. Petitioner's Claim of Ineffective Representation With Regard to His Attorney's Advice to Reject the Plea Deal Fails to Meet the Strickland Test

Petitioner fails to satisfy the Strickland test because he has failed to establish that his attorney was deficient by advising him to proceed to trial as he alleges, or prejudice as a result of that alleged deficiency.

As to the first prong, Petitioner cites to no errors, either legal or factual, so serious that counsel was not functioning as the "'counsel' guaranteed the petitioner by the Sixth Amendment." Strickland, 466 U.S. at 687. As to the second prong of Strickland, Petitioner has failed to establish (1) that he would have accepted the plea offer; (2) that the Court would have accepted it; and (3) that the sentence would have been less severe than the one imposed. Lafler, 132 S.Ct. at 1385. Specifically, he has failed to show that there was a "reasonable probability" that he would have qualified to receive the "Safety Valve" under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f).

The government requests a hearing to determine factual issues. A court has the discretion whether to order a hearing to resolve the contested issues when a defendant petitions for 28 U.S.C. § 2255 relief. When the court is reviewing the record, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). However, a court does not have to grant a hearing if: "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are

contradicted by the record, inherently incredible, or conclusions rather than statements of fact. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). The Court denies the request for a hearing.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion under 28 U.S.C. § 2255 is **denied**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

AUGUST 8, 2013

Orig: Clerk
cc: All Counsel of Record
 File